1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  BRANDON T. GATES,

9                                    Plaintiff,              Case No. C20-0895-JCC-MAT

10              v.

11  JOSE BRIONES, *et al*.,                          REPORT AND RECOMMENDATION

12                                    Defendants.

13

14              INTRODUCTION AND SUMMARY CONCLUSION

15          This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Brandon

16  Gates has been granted leave to proceed with this action *in forma pauperis*.  Service has not been

17  ordered.  This Court, having reviewed plaintiff's amended complaint, and the balance of the record,

18  concludes that plaintiff has failed to adequately state a claim upon which relief may be granted in

19  this action.  This Court therefore recommends that plaintiff's amended complaint and this action

20  be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

21                                    DISCUSSION

22          On May 28, 2020, plaintiff presented to this Court for filing a prisoner civil rights

23  complaint in which he asserted claims arising out of his confinement at the Island County

REPORT AND RECOMMENDATION - 1

Correction and Detention Facility in early 2020. (*See* Dkts. 1-1, 6.) Specifically, plaintiff alleged that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they assigned him to the administrative segregation unit for an extended period of time based on a false claim, apparently made by Chief Jail Administrator Jose Briones, that plaintiff posed a risk to other inmates. (Dkt. 6 at 4-5.) Plaintiff claimed that defendants kept him segregated in order to assist the state in its prosecution of charges that were "made up" by the Island County prosecutor and the local police in order to punish plaintiff for filing a civil suit against the Oak Harbor Police Department. (*Id*.)

Plaintiff also alleged in his complaint that Jail Lieutenant William Becker violated his due process and equal protection rights by denying him access to the courts. (*Id*. at 6.) Specifically, plaintiff claimed that he made Lt. Becker and his staff aware that he needed his account balance in order to file a civil rights action with this Court but was told by Lt. Becker that his staff would not provide a balance. (*Id*.) Plaintiff also claimed that he was being denied access to a law library. (*Id*.)

Plaintiff named Jose Briones and William Becker as defendants in his complaint, and he requested that this Court take over jurisdiction of the criminal case that was then pending against him in Island County Superior Court, that the Court remove him from the Island County Jail "before they figure out away [sic] to kill me and get away with it," and that he be awarded damages for the emotional distress and anxiety caused by defendants. (*Id*. at 1, 3, 7.)

After reviewing plaintiff's complaint, this Court concluded that plaintiff had not adequately alleged a cause of action against either of the named defendants. Thus, on August 24, 2020, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. 7.) Among the deficiencies noted by

REPORT AND RECOMMENDATION - 2

1    the Court was that the Eighth Amendment, the basis of plaintiff's first asserted claim, did not apply

2    because plaintiff was a pretrial detainee at times relevant to the complaint. (*Id*. at 3.)  The Court

3    explained that the applicable constitutional provision was, instead, the Fourteenth Amendment,

4    and that the relevant inquiry when evaluating the constitutionality of conditions of pretrial

5    confinement was whether the challenged conditions amounted to punishment of the detainee.

6          The Court went on to set forth the applicable standard for stating a Fourteenth Amendment

7    due process claim relating to the conditions of pretrial confinement and explained that the facts

8    alleged by plaintiff in his complaint were too vague and conclusory to state a viable due process

9    claim.  Plaintiff was advised that if he wished to proceed with this claim he would have to allege

10    clear and specific facts demonstrating that his extended confinement in administrative segregation

11    amounted to unconstitutional punishment.

12          With respect to plaintiff's claim that he was denied access to the courts in violation of his

13    rights to due process and equal protection, the Court set forth the applicable legal standards and

14    advised plaintiff that he had not met those standards.  The Court explained that, to the extent

15    plaintiff alleged he had been denied access to the Courts in violation of his due process rights, his

16    claim was deficient because he failed to alleged any facts demonstrating that he had suffered an

17    actual injury to his right of access attributable to the conduct of Lt. Becker.  With respect to

18    plaintiff's equal protection claim, the Court explained that the claim was deficient because plaintiff

19    failed to allege facts demonstrating that Lt. Becker knowingly or intentionally discriminated

20    against him or that he was a member of a protected class.

21           On September 24, 2020, plaintiff filed an amended complaint in this action. (Dkt. 9.)  The

22    first count of plaintiff's amended complaint, similar to plaintiff's original complaint, relates to

23    plaintiff's extended period of confinement in isolation.  However, in his amended complaint,

REPORT AND RECOMMENDATION - 3

1    plaintiff recharacterizes his claim as one implicating his right to equal protection. (*Id*. at 4-5.)  In

2    particular, plaintiff claims that he was treated differently by Chief Briones because he's black and

3    because he was fighting to prove his innocence.  (*Id*.)  Plaintiff also again suggests that Chief

4    Briones' alleged misconduct constituted an attempt to interfere with plaintiff's criminal case, and

5    he claims that Chief Briones' conduct violated federal criminal statutes. (*Id*. at 5-6.)

6         To the extent plaintiff alleges that Chief Briones violated his equal protection rights, his

7    allegations are too vague and conclusory to adequately state a claim for relief.  As plaintiff was

8    advised in the Court's prior Order, in order to state an equal protection claim, a plaintiff must show

9    that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon his

10   membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998)

11   (citations omitted).  Plaintiff's conclusory allegation that Chief Briones treated him differently

12   because he is black is insufficient, without more, to state a viable equal protection claim.  Plaintiff

13   alleges no facts demonstrating that Chief Briones acted with an intent or purpose to discriminate

14   against plaintiff when he allegedly kept plaintiff confined in isolation for an extended period of

15   time.  Plaintiff's claim is simply too vague to demonstrate that Chief Briones took adverse action

16   against him based on his membership in a protected class.

17        Plaintiff likewise offers no specific facts to support his claim that Chief Briones treated

18   him differently because he was attempting to prove his innocence.  Finally, to the extent plaintiff

19   claims that Chief Briones' conduct violated federal criminal statutes, in particular 18 U.S.C. §§

20   241, 242, his claim misses the mark.  Sections 241 and 242 establish criminal penalties for

21   deprivations of protected rights which are enforced by prosecutorial authorities, these sections do

22   not provide causes of action for a private citizen such as plaintiff. *See* 18 U.S.C. §§ 241, 242.

23        Plaintiff alleges in the second count of his amended complaint that Lt. Becker violated his

REPORT AND RECOMMENDATION - 4

1    rights to due process and equal protection when he denied plaintiff his account balance, which is

2    necessary to file an action in this Court.  (Dkt. 9 at 6.)  Plaintiff further alleges that the Island

3    County Jail has no criminal law books, no kiosk which would allow him to look up cited case law,

4    and no one trained in law to assist a *pro se* criminal defendant.  (*Id*.)  This claim is substantially

5    the same as the claim asserted by plaintiff in his original complaint and plaintiff makes no apparent

6    attempt to correct the deficiencies cited in the Court's prior order.

7        As was previously explained, the United States Supreme Court has acknowledged that

8    inmates have a constitutional right of meaningful access to the courts premised on the due process

9    clause.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The Supreme Court has also made clear,

10   however, that in order to adequately allege a cause of action for deprivation of the right of access

11   to the courts, an inmate must demonstrate that he suffered some actual injury to his right of access.

12   *Lewis v. Casey*, 518 U.S. 343 (1996).  The Supreme Court explained in *Lewis* that *Bounds* did not

13   create an abstract, free-standing right to a law library or to legal assistance, and that an inmate

14   therefore could not establish relevant actual injury "simply by establishing that his prison's law

15   library or legal assistance program [was] sub-par in some theoretical sense."  *Id*. at 351.  Rather,

16   in order to establish a *Bounds* violation, an inmate was required to demonstrate that the alleged

17   shortcomings in the prison's legal access scheme had hindered, or were hindering, his ability to

18   pursue a non-frivolous legal claim.  *See id*. at 354-55.

19       Plaintiff failed to allege in his original complaint any facts demonstrating that he suffered

20   an actual injury to his right of access attributable to the conduct of Lt. Becker, and he fails to do

21   so here.  Plaintiff claims that Lt. Becker denied him his account balance which is a necessary

22   component of any application to proceed with an action in this Court without the prepayment of

23   fees.  (*See* Dkt. 9 at 8.)  Plaintiff fails, however, to explain how he was harmed by Lt. Becker's

REPORT AND RECOMMENDATION - 5

actions. Not only did plaintiff submit the requisite account statement to the Court in this case, this Court's records reveal that plaintiff filed four other civil rights cases prior to filing the instant action, and account statements were submitted in each of those actions. *See* Dkt. 1-2; *Gates v. Fundrella*, C20-612-JCC, Dkt. 5-2; *Gates v. Becker, et al.*, C20-611-JCC-MAT, Dkt. 4-2; *Gates v. Briones, et al.*, C20-536-RAJ-MLP, Dkt. 3-2. Plaintiff does not identify any other action he wished to file but was precluded from doing so because of Lt. Becker's alleged refusal to provide his account balance. Plaintiff therefore fails to demonstrate any harm relating to this portion of his second count and, thus, this portion of his access to courts claim necessarily fails. To the extent plaintiff alleges that Lt. Becker violated his right to equal protection, apparently in relation to legal access issues, plaintiff fails to state a viable claim for relief as he alleges absolutely no facts demonstrating that Lt. Becker took any adverse action against him based on his membership in a protected class.

Plaintiff also claims that the Island County Jail lacked specific legal resources. (Dkt. 9 at 8.) However, as explained above, it is not sufficient for plaintiff to merely identify deficiencies in the Jail's legal access scheme, he must demonstrate that he suffered some harm as a result of the alleged deficiencies. Plaintiff has not explained in any fashion how the alleged deficiencies caused him harm and, thus, the second part of plaintiff's access to courts claim fails as well.

Finally, plaintiff asserts throughout his amended complaint that defendants' alleged misconduct amounted to an intentional infliction of emotional distress. So far as this Court can discern, mental or emotional injury appears to be the only harm plaintiff claims to have suffered as a result of defendants' alleged misconduct, and he seeks an award of damages to compensate him for such harm. (*See* Dkt. 9 at 5, 6, 8, 10.) The Prison Litigation Reform Act ("PLRA") provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or

other correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury." 42 U.S.C. § 1997e(e). The Ninth Circuit has held that this provision

"applies only to claims for mental and emotional injury," and requires "a prior showing of physical

injury that need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d

623, 627 (9th Cir. 2002). Plaintiff does not allege in his complaint that he suffered any physical

injury as a result of defendants' alleged misconduct. Thus, to the extent plaintiff asserts that he is

entitled to monetary relief in this action based solely on the mental and/or emotional injury

inflicted upon him as a result of defendants' alleged misconduct, his claim are barred by the PLRA.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's amended complaint and this

action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a

viable claim for relief under § 1983. This Court further recommends that this dismissal be counted

as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and

Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed. Failure to file objections within the specified time may affect the

right to appeal. Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed. Responses to objections may be filed within

**fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **November 6, 2020**.

/ / /

REPORT AND RECOMMENDATION - 7

1    DATED this 15th day of October, 2020.

2

3                                    Mary Alice Theiler
                                     United States Magistrate Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 8